### TOMASELLO *v.* STATE OF·INDIANA.

[No. 14,109.   Filed November 7, 1930.]

*Thomas C. Whallon,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

NEAL, C. J.—The appellant was convicted of an unlawful sale of intoxicating liquor. The error relied upon

for reversal is the overruling of the motion for a new trial. The two causes thereunder attempted to be presented are: (1) That the finding of the court is not sustained by sufficient evidence; and (2) that the finding is contrary to law.

Appellant's position is that the evidence affirmatively shows that she was a married woman living with her husband at the time of the sale of the intoxicating liquor, and that she was ordered and coerced by her husband to make the sale, therefore appellant cannot be held responsible for the violation of the law.

It is the law of this state that a married woman who commits a crime in the presence of her husband, treason and murder excepted, is entitled to the presumption that she did the unlawful act through the coercion of her husband. The presumption, however, may be rebutted by the evidence.

The evidence most favorable to the State discloses that the officers of the law went to an apartment in Indianapolis occupied by James Tomasello, husband of appellant, and there purchased whisky of the appellant; that the officers paid her for the liquor furnished them; that the husband was not seen by the officer Donahue at the time officer Jay purchased the four drinks and one-half pint of whisky of appellant; that Donahue knew appellant's husband by sight but was not acquainted with him.

The husband gave evidence to the effect that he was in the house at the time of the sale of whisky and that he said to his wife: "Go ahead and give them what they want." Appellant testified that she did not sell any liquor to "Donahue or Ferris Jay or an unknown civilian or anybody else."

The evidence did not entitle the appellant to the pre-

sumption that she was coerced by her husband at the time of the sale of liquor to do the unlawful act. The evidence clearly establishes her guilt. Judgment affirmed.